UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) MARCIN MALARZ, ) JACEK SIENKIEWICZ, and ) ARTHUR LIN, ) ) Defendants, ) ) and ) ) GLORIA LIN, ) ) Relief Defendant. ) ) | Case No. 11-cv-8803<br><br>Hon. Ruben Castillo |

**SECURITIES AND EXCHANGE COMMISSION'S
AGREED MOTION FOR THE ENTRY OF FINAL JUDGMENT
<u>AGAINST DEFENDANT ARTHUR LIN AND RELIEF DEFENDANT GLORIA LIN</u>**

Defendant Arthur Lin ("Defendant Lin") and Relief Defendant Gloria Lin ("Relief Defendant Lin") (collectively, the "Lins") have agreed to settle this matter with the Securities and Exchange Commission. Accordingly, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, the SEC respectfully moves this Court to enter the proposed final judgment as to Defendant Lin, and the proposed final judgment as to Relief Defendant Lin. *See* Exhibits 1 & 2. In support of this motion, the SEC states as follows:

1. On December 12, 2011, the SEC filed a Complaint against Defendant Lin and Relief Defendant Lin, and against Defendants Marcin Malarz and Jacek Sienkiewicz. *See* 12/12/11 Complaint.

2. The Complaint alleges that the Defendants committed securities fraud through the sale of unregistered promissory notes issued by Malarz Equity. Defendant Malarz recruited Defendant Lin to help solicit the sale of the Malarz Equity notes. *Id.* at ¶ 21. Defendant Lin was an officer of Malarz Equity, and Relief Defendant Lin was a 20% owner of Malarz Equity. *Id.* at ¶¶ 3, 21.

3. The Complaint alleges that Defendants Malarz and Lin raised at least $6.71 million from at least 23 investors through the fraudulent sale of the Malarz Equity promissory notes. *See* Complaint, at ¶ 3. Defendant Lin personally sold at least $5,360,000 in the notes to at least 20 investors. *Id.* at ¶ 23.

4. The Complaint alleges that Defendants Malarz and Lin made misrepresentations to investors about the use of investors' funds, and about the risks of the investments. *See id.* at ¶¶ 25-40. They represented that the funds would be used to purchase and upgrade apartment complexes, and that they would be converted to condominiums and sold at a profit. *Id.* at ¶ 25.

5. The Complaint alleges that the funds were not used as Defendants Malarz and Lin had represented to investors. At least $3,421,685 of the funds in the Malarz Equity bank accounts was misappropriated by Defendant Malarz for his personal use. *Id.* at ¶¶ 34-35. Also, approximately $1,960,777 was used to make ponzi-like "interest" and return-of-principal payments to previous investors. *Id.* at ¶ 37. Finally, at least $436,000 in the Malarz Equity bank accounts was used to make undisclosed commission payments to Defendant Lin, and the funds were transmitted to Relief Defendant Lin. *Id.* at ¶¶ 4, 13, 36.

6. The Complaint advances four claims against Defendant Lin, including violations of (1) sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a), 77(e)(c) (Count I); (2) section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2) (Count II); (3) section 10(b) of the

Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5 (Count III); and (4) section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78j(o)(a) (Count IV). The Complaint also advances a claim for unjust enrichment against Relief Defendant Lin (Count V).

7. The Lins have agreed to resolve this matter with the SEC by the entry of a final judgment. *See* Exhibits 3 & 4 (the Consents). The proposed final judgments have been reviewed and approved by Defendant Lin, Relief Defendant Lin, and their counsel. *Id.*

8. The proposed final judgment as to Defendant Lin permanently restrains and enjoins him from violating sections 5(a), 5(c) and 17(a) of the Securities Act, and sections 10(b) and 15(a) of the Securities Exchange Act and Rule 10b-5 thereunder. *See* Exhibit 1. The proposed final judgment also orders that Defendant Lin is liable for $485,583 (representing disgorgement of ill-gotten gains of $436,000, plus prejudgment interest of $49,583), but waives payment of all but $158,240 and does not impose a civil penalty based on Defendant Lin's sworn representations in his Statement of Financial Condition dated August 19, 2011.

9. The proposed final judgment as to Relief Defendant Lin orders that she is jointly and severally liable with Defendant Lin for $485,583, but waives payment of all but $158,240 based on her sworn representations in her Statement of Financial Condition dated August 19, 2011. *See* Exhibit 2.

10. The proposed final judgments order that the $158,240 shall be paid in two installments according to the following schedule: (1) $43,500 within 14 days of entry of the final judgments plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (2) $114,740 within one year of the date of entry of the final judgments plus post-judgment interest.

11. On January 18, 2012, counsel for the Lins confirmed that they agreed to the relief requested in this motion.

12. The SEC's case against the remaining two defendants, Marcin Malarz and Jacek Sienkiewic, will continue.

WHEREFORE, the SEC respectfully moves that this Court enter the proposed final judgment as to Defendant Lin, and the proposed final judgment as to Relief Defendant Lin.

Dated: January 18, 2012

Respectfully submitted,

s/ Steven C. Seeger
Kathryn A. Pyszka (pyszkak@sec.gov)
Steven C. Seeger (seegers@sec.gov)
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7416 (Pyszka)
Telephone: (312) 886-2247 (Seeger)
Facsimile: (312) 353-7398