## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Case No. 11-cv-8803 |
|  | ) | |
| MARCIN MALARZ and | ) | Hon. Ruben Castillo |
| JACEK SIENKIEWICZ, | ) | |
|  | ) | |
| Defendants. | ) | |

### SECURITIES AND EXCHANGE COMMISSION'S
### MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS

Pursuant to Federal Rule 4(f)(3), the Securities and Exchange Commission respectfully

moves for the entry of an Order authorizing the service of process upon defendant Marcin

Malarz by email. Simply put, Malarz is a fugitive from justice, and appears to be living abroad.

In support of this motion, the SEC states as follows:

1.      The SEC filed suit against Malarz on December 12, 2011. The Complaint alleged

that Malarz had defrauded dozens of investors out of millions of dollars. Specifically, Malarz

operated two real estate scams, raising over $14 million through false pretenses. The Complaint

advanced three claims against Malarz, alleging violations of (1) Sections 5(a) and 5(c) of the

Securities Act, 15 U.S.C. §§ 77e(a), 77e(c); (2) Section 17(a)(2) of the Securities Act, 15 U.S.C.

§ 77q(a)(2); and (3) Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

thereunder, 17 C.F.R. § 240.10b-5.

2.      Malarz has a long history of dodging legal proceedings in this Court.

3.      This Court held Malarz in contempt before the filing of the Complaint. *See SEC*

*v. Malarz*, 10-cv-6319 (Dckt. No. 18) (Norgle, J.).  Malarz was uncooperative during the SEC's

investigation, repeatedly failing to appear for testimony despite an Order to do so.  After Malarz

failed to appear at the show-cause hearing, this Court issued a Writ of Body Attachment, but it

was returned unexecuted.  *See id.* at Dckt. No. 22.

> 4.      Shortly after filing the Complaint, the SEC attempted to serve Malarz with

process at his last-known address in the Chicago suburbs.  But Malarz had apparently fled the

country.  It appears that Malarz may have used a false passport.

> 5.      Malarz is on the run from a criminal case, too.  The United States filed an

indictment against Malarz and Sienkiewicz on July 19, 2012.  *See United States v. Malarz et al.*,

12-cr-543 (Norgle, J.); *see also* Dckt. Entry No. 4 ("DEFENDANTS ARE FUGITIVES.") (Cole,

J.).  The indictment includes six counts, and overlaps substantially with the conduct alleged in

the SEC's Complaint.  In light of the fact that Malarz is a fugitive, the criminal action has not

progressed since the filing of the indictment.

> 6.      In the meantime, the SEC has attempted to confirm his current address by

contacting members of his family.  That effort has not proven successful.  One family member

claimed that he didn't know where Malarz is living.  Another person hung up the phone.

> 7.      The SEC has attempted to serve Malarz at a possible address in Poland under the

Hague Convention.  In 2012, the SEC sent the appropriate papers to Polish authorities.

> 8.      Yesterday – moments before the anticipated filing of this motion – counsel for the

SEC was handed an envelope containing confirmation of service.  *See* Dckt. No. 18.  According

to the certification, the summons and the Complaint were served in Poland on May 2, 2013.  *Id.*

> 9.      The certification reveals that the papers were served at the requested address in

Poland.  The certification states that the papers were served "in accordance with the provisions of

2

sub-paragraph (a) of the first paragraph of article 5 of the Convention."

10.     Sub-paragraph (a) of Article 5 of the Convention authorizes service "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory."  So, it appears that the summons and Complaint were served in a manner that is consistent with Polish law.

11.     The certification does not expressly state who received the papers.  The certification confirms that the papers were "served" at the address in question in accordance with Polish law.  But the recipient is unidentified – the portion of the form about the recipient is blank.  *See* Dckt. No. 18.

12.     Based on the certification, the SEC believes that service was effectuated.  Still, out of an abundance of caution, the SEC respectfully requests that this Court authorize service of process by email as well.  To avoid any conceivable issue, the SEC seeks to serve Malarz a second time.  A belt-and-suspenders approach will foreclose any conceivable challenge to service of process.

13.     The Federal Rules do not prohibit serving a defendant twice, and there is no harm in doing so.  At worst, Malarz will receive multiple copies of the summons and the Complaint.

14.     The SEC believes that it has a valid email address for Malarz.  During its investigation, the SEC communicated back-and-forth with Malarz using two separate email addresses.  The SEC submitted examples to the Court in its subpoena-enforcement action.  *See SEC v. Malarz*, 10-cv-6319 (Exhibits 8-9, & 11-12 to the Declaration in Support of the Securities and Exchange Commission's Motion for an Order Requiring Compliance with Subpoenas) (Dckt. No. 4-4) (attached herewith as Exhibit A).

15.     One of the two email addresses appears to remain valid.  The SEC has utilized

both email addresses to serve Malarz with filings during this case, including last week's Motion

for Entry of Judgment Against Defendant Jacek Sienkiewicz. The SEC has received bounce-

back messages about non-delivery for one – but only one – of the two email addresses. The

other address (at yahoo.com) appears to remain valid.

16.     Malarz used the same email address at yahoo.com (among others) to

communicate with investors. *See, e.g.,* Exhibit B.

17.     The SEC sent a copy of the Complaint and the summons to Malarz by email on

October 12, 2012, using the email address at yahoo.com. *See* Exhibit C. The SEC did not

receive a bounce-back message about non-delivery for the yahoo.com email address.

18.     The Federal Rules vest district courts with considerable latitude when authorizing

service on a foreign defendant. In addition to service under the Hague Convention, and service

as prescribed by the foreign country's laws, a foreigner may be served "by other means not

prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3). The

decision is committed to the "sound discretion of the district court." *See Brockmeyer v. May*,

383 F.3d 798, 805 (9th Cir. 2004).

19.     Rule 4(f) does not create a hierarchy, preferring certain forms of service over

others. "No such requirement is found in the Rule's text, implied by its structure, or even hinted

at in the advisory committee notes." *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d

1007, 1014 (9th Cir. 2002) (upholding service of process upon a foreign defendant by email).

20.     Service of process by email is one of the possible avenues for service under Rule

4(f)(3). *See, e.g., Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) ("Courts have

authorized a variety of alternative methods of service abroad under current Rule 4(f)(3) and

former Rule 4(i)(1)(E), including not only ordinary mail and e-mail but also publication and

telex.").

21.     Courts in this district and elsewhere have authorized service of process on foreign

defendants by email.  *See, e.g., Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-

18 (9th Cir. 2002); *Tory Burch LLC v. Partnerships and Unincorporated Associations Identified*

*on Schedule "A"*, 2013 WL 1283824, at *9 (N.D. Ill. 2013); *In re Potash Antitrust Litig.*, 667 F.

Supp. 2d 907, 931 (N.D. Ill. 2009), *rev'd on other grounds*, 657 F.3d 650 (7th Cir. 2011);

*MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, 2008 WL 5100414, at *2 (N.D. Ill.

2008); *JBR, Inc. v. Café Con Paco, Inc.*, 2013 WL 1891386, at *5 (N.D. Cal. 2013); *FTC v.*

*PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. 2013); *Elcometer, Inc. v. TQC-USA, Inc.*,

2013 WL 592660, at *2-3 (E.D. Mich. 2013).

22.     Service by email complies with due process because it is reasonably calculated to

apprise Malarz of the pendency of this action and give him an opportunity to respond.  *See, e.g.,*

*JBR, Inc. v. Café Con Paco, Inc.*, 2013 WL 1891386, at *5 (N.D. Cal. 2013).  Malarz

communicated with the SEC and investors using his email address at yahoo.com, and the account

in question appears to remain active.

23.     Service by email would not violate the Hague Convention.  *See* Fed. R. Civ. P.

4(f)(3).  It is uncertain whether Malarz currently resides in Poland, one of the signatories.  But

even if he resides there, the Hague Convention does not prohibit service by email.  *See*

*MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, 2008 WL 5100414, at *2 (N.D. Ill.

2008).  Also, the Hague Convention does not apply when the address of the foreign party is

unknown.  *See BP Product North America, Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005)

(quoting 20 U.S.T. 361 (U.S.T. 1969)) ("[T]he Hague Convention contains an explicit exemption

where the address of the foreign party to be served is unknown:  'This Convention shall not

apply where the address of the person to be served with the document is not known.'").[1]

24.     Malarz is a fugitive, and his current whereabouts are uncertain. By all appearances, he is attempting to evade detection and avoid responsibility for his financial scams. Malarz should not be allowed to undermine this proceeding by hiding out in a foreign country.

25.     Serving Malarz a second time by email will avoid the potential for collateral litigation about service of process, and allow this case to take the next step toward final judgment.

WHEREFORE, for the foregoing reasons, the SEC respectfully moves this Court for the entry of an Order authorizing service of process upon Marcin Malarz by email (including mankpm@yahoo.com).

Dated: July 26, 2013                              Respectfully submitted,

                                                  s/ Steven C. Seeger
                                                  Steven C. Seeger (seegers@sec.gov)
                                                  U.S. Securities and Exchange Commission
                                                  175 West Jackson Boulevard, Suite 900
                                                  Chicago, Illinois 60604
                                                  Telephone: (312) 353-7390
                                                  Facsimile: (312) 353-7398

                                                  *Attorney for Plaintiff*
                                                  *U.S. Securities and Exchange Commission*

---

[1] Poland has objected to service of process by "postal channels" under Article 10(a) of the Hague Convention. At least one court has ruled that email constitutes a "postal channel[]." *See Aqha v. Jacobs*, 2008 WL 2051061, at *2 (N.D. Cal. 2008). But *Aqha* appears to be an outlier. "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10." *See FTC v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. 2013) (citing cases.); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. 2007). In any event, it makes no difference in this case because the current address of Malarz is uncertain. *See BP Product North America*, 232 F.R.D. at 264.

**Certificate of Service**

I hereby certify that on July 26, 2013, I served a copy of the (1) Notice of Motion; (2) Plaintiff Securities and Exchange Commission's Motion to Authorize Alternate Service of Process upon the defendants by sending a copy by U.S. Mail or by email (as indicated below) to their current or last-known addresses:

Jacek Sienkiewicz (by U.S. Mail)
Ul. Kromera 4/1838
38-300 Gorlice, POLAND

Jacek Sienkiewicz (by U.S. Mail)
c/o Sienkiewicz Trade Company
Biecka 1
38-300 Gorlice, POLAND

Marcin Malarz (by email)

s/ Steven C. Seeger
Steven C. Seeger (seegers@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398